Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Dexter Lemar Prioleau                              Docket No. 1:19mj103

### Petition on Probation

COMES NOW Leo R. Pet, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Dexter Lemar Prioleau, who was placed on supervision by the Honorable John F. Anderson, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 13th day of May, 2019, who fixed the period of supervision at one (1) year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows: 1) the defendant shall participate in and successfully complete an Alcohol Safety action Program or other alcohol treatment program as deemed appropriate by the probation officer; and 2) the defendant shall pay a $250.00 fine and a $25.00 special assessment as to Count 1, to be paid by August 13, 2019.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable date: October 1, 2019   10:00 AM

### ORDER OF COURT

Considered and ordered this 11th day of September, 2019 and ordered filed and made a part of the records in the above case.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Leo R. Pet
U.S. Probation Officer
703-299-2289

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
Page 2
RE: Prioleau, Dexter Lemar

OFFENSE: Reckless Driving

SENTENCE: One (1) year supervised probation with the special conditions listed on page 1.

On June 11, 2019, Your Honor approved a request to modify the terms of conditions to include substance abuse testing and/or treatment as directed by the probation officer.

ADJUSTMENT TO SUPERVISION:

On May 13, 2019, the defendant began his one (1) year term of supervised probation and was assigned to this Officer. On that day, the terms of his probation were explained to the defendant as well as the consequences should he not comply. On June 20, 2019, the defendant reported as directed and submitted and a urine specimen which tested positive for marijuana and cocaine. The following day, this Officer addressed the test results with the defendant which he did not deny. As a result, the defendant was placed on random urinalysis testing on June 21, 2019. The defendant submitted subsequent urine specimens on July 5, 2019, and July 10, 2019, which tested negative for illegal substances.

On July 17, 2019, this Office received an email from Narcia Rodriguez with the Alcohol Safety Action Program (ASAP) in Bull Run, Virginia, stating the defendant completed his intake with their office on June 13, 2019. Additionally, the defendant was referred for a substance abuse assessment, which at that time, no treatment was recommended. Ms. Rodriguez further advised the defendant was currently on their waitlist to begin his intensive education classes.

On July 29, 2019, the defendant reported and submitted a urine specimen which tested negative for illegal substances. After leaving the office, the defendant received a citation for speeding 39 mph in a 25 mph zone. He immediately notified this Officer of the new offense on that same day. An initial court appearance for this new charge has been scheduled for September 17, 2019.

On August 6, 2019, a Violation Report was submitted to Your Honor with a recommendation of no action. On August 9, 2019, Your Honor approved this request.

On August 9, 2019, the defendant failed to report for random urinalysis testing. On August 12, 2019, this Officer spoke with the defendant and inquired why he failed to appear for testing. The defendant stated he was out of town for work and would not be returning until later this week. He believed he would be excused from reporting due to his employment schedule. This Officer reminded the defendant he was never granted blanket approval to miss testing for an extended period due to his work. The defendant was instructed to return to the local area immediately, at which, the defendant replied he would do his best to have his employer assign him back to this area promptly.

On August 21, 20109, the defendant reported and provided a letter from Bull Run ASAP stating his weekly education classes would begin on August 28, 2019. Additionally, he submitted a urine specimen which tested negative for illegal substances. At that time, this Officer reminded the defendant that any out of the area travel, even for employment, must be approved in advance and he must report for random urinalysis testing as directed.

**Petition on Probation**
**Page 3**
**RE: Prioleau, Dexter Lemar**

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION:**     **USE OF COCAINE.**

On August 26, 2019, Mr. Prioleau submitted a specimen which tested positive for cocaine, which was confirmed on September 3, 2019. On September 9, 2019, this Officer addressed the positive test result, which the defendant denied. His only explanation was that he had recently socialized with other individuals who may have engaged in illegal drug use. This Officer inquired of the defendant if he feels he needs counseling, at which the defendant replied he does not believe he needs drug treatment.

LRP/mbp
KMR